# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 19-2700-DMG (AGR) | Date | November 14, 2019 |
| Title | John Shaw v. Timothy Lindgren, et al. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Karl Lozada | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**Proceedings:**     In Chambers: **ORDER TO SHOW CAUSE WHY DEFENDANT LINDGREN IN HIS INDIVIDUAL CAPACITY SHOULD NOT BE DISMISSED FOR FAILURE TO SERVE PROCESS**

On April 9, 2019, Plaintiff proceeding pro se filed a civil rights complaint against Defendant Timothy Lindgren who was employee of the LA Care Health Plan and two individual defendants, John Doe and Jane Doe (LA Care Health Plan Pharmacy and Therapeutic (P&T) Committee).  Plaintiff alleges that Defendants violated his rights to medical treatment.

On August 14, 2019, the court issued an order directing service of process by the United States Marshal upon Defendant Timothy Lindgren, in his individual and official capacities at the LA Care Health Plan.  (Dkt. No. 9.)  Defendant Lindgren was successfully served in his official capacity on October 3, 2019.  (Dkt. No. 1.)  However, he was not served in his individual capacity.  (Dkt. No. 15.)

The process receipts filed on November 5, 2019, indicates that Defendant Lindgren could not be served in his individual capacity because, "Felix Huerta (Paralegal) stated that individual no longer employed, and could not accept for individual."  (Dkt. No. 15.)

"If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).

A "pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint" after "having provided the necessary information to help effectuate service" under 28 U.S.C. § 1915 and Rule 4.  *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir.1990); *accord, Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir.1994), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)).

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2700-DMG (AGR) | Date | November 14, 2019 |
|---|---|---|---|
| Title | John Shaw v. Timothy Lindgren, et al. | | |

When service cannot be accomplished due to the pro se plaintiff's failure to submit the required information, and the plaintiff fails to remedy the situation after being put on notice, dismissal without prejudice is appropriate. *Walker*, 14 F.3d at 1421-22 (holding that prisoner failed to show cause why his claims against prison official should not be dismissed under Rule 4(m) when prisoner failed to show "he provided the marshal with sufficient information to serve [the defendant]").

Plaintiff must provide contact information for Mr. Lindgren where he may be served. Plaintiff may conduct discovery to obtain the last known address for Mr. Lindgren from served Defendant via a document request under Fed. R. Civ. P. 34. Defendant may wish to provide the contact information directly to the Court.

IT IS ORDERED that Plaintiff show cause in writing, ***on or before December 16, 2019,*** why Defendant Timothy Lindgren in his individual capacity should not be dismissed from this action without prejudice pursuant to Rule 4(m) or for failure to prosecute.

If Plaintiff does not timely response to this order to show cause ***on or before December 16, 2019***, Defendant Lindgren in his individual capacity may be dismissed without prejudice for failure to serve process under Rule 4(m) or for failure to prosecute.

Initials of Preparer          kl