UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN SHAW, | ) | NO.  CV 19-2700-DMG (AGR) |
| Plaintiff, | ) | |
| v. | ) | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| TIMOTHY LINDGREN, et al., | ) | |
| Defendants. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint, records on file, the Report and Recommendation ("Report") of the magistrate judge, and Plaintiff's objections.  Further, the Court has engaged in a *de novo* review of those portions of the Report to which Plaintiff has objected.  The Court accepts the findings and recommendation of the Report.

Plaintiff filed a document entitled "Request Court to Create Record of Magistrate Judge's Report and Recommendation."  (Dkt. No. 56.)  Plaintiff lists various procedures, including Plaintiff's right to a record of evidence presented, to call witnesses at trial, to know opposing evidence, to cross examine adverse witnesses, and to have an unbiased tribunal.

The Report explained the legal standard applicable to Defendants' motion to dismiss the First Amended Complaint.  (Report at 4-5.)  A court generally must limit its review to the operative complaint and does not consider outside evidence.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  Materials submitted as

part of the complaint and matters that are properly the subject of judicial notice may be considered. *Id.* To the extent Plaintiff requests a trial at which he presents evidence and cross examines adverse witnesses, such procedures are not available on a motion to dismiss a complaint. Plaintiff does not identify any facts he would present that would cure the deficiencies identified in the Reports on the motions to dismiss the original complaint and the First Amended Complaint.

Plaintiff also filed a document entitled "Reject Report and Recommendation" and request for trial. (Dkt. No. 57.) Plaintiff alleges that Defendant violated the Affordable Care Act ("ACA") and associated statutes and regulations; discriminated against Plaintiff and denied him equal protection because of his Medicaid plan by substituting QVAR for Flovent to treat Plaintiff's chronic obstructive pulmonary disease ("COPD"); and violated Plaintiff's First Amendment rights in failing to redress Plaintiff's grievances about its violations of the ACA statutes and regulations. Plaintiff complains that Defendant Lundgren is no longer employed by the Defendant, which has not provided any forwarding address.

The First Amended Complaint did not allege a cause of action under the ACA. 42 U.S.C. § 18116. Section 18116 prohibits discrimination on the basis of race, color, or national origin under Title VI of the Civil Rights Act (42 U.S.C. § 2000d, et seq.), on the basis of sex under Title IX of the Education Amendments (20 U.S.C. § 1681, et seq.), on the basis of age under 42 U.S.C. § 6101, et seq., and on the basis of disability under the Rehabilitation Act § 504. *Doe v. CVS Pharm., Inc.*, 982 F.3d 1204, 1208-09 (9th Cir. 2020), *cert. granted*, 2021 WL 2742790 (2021) (granted in part limited to question 1 as to whether § 504 permits disparate impact claim). To state a claim for discrimination on the basis of disability, a plaintiff must allege that "(1) the plaintiff is an individual with a disability; (2) she is otherwise qualified to receive the benefit; (3) she was denied the benefits of the program solely by reason of her disability; and (4) the program receives federal financial assistance." *Schmitt v. Kaiser Found. Health Plan*, 965 F.3d 945, 954 (9th Cir. 2020); *see also Doe*, 982

F.3d at 1210-12 (examining whether disabled persons were denied meaningful access to ACA-provided benefit). Plaintiff's objections do not appear to complain of discrimination under any of these bases, and in addition do not appear to complain about denial of benefits for treatment of a disability, as distinguished from an argument over the desirability of alternative treatments. Nevertheless, because it is unknown whether Plaintiff can amend his complaint to state a claim under the ACA, Plaintiff will be granted leave to amend. *See Schmitt*, 965 F.3d at 960 (finding that second amended complaint challenging exclusion of coverage for hearing aids other than cochlear implants failed to state claim for discrimination based on disability but reversing denial of leave to amend).

IT IS ORDERED that Defendant's motion to dismiss the First Amended Complaint under Fed. R. Civ. P. 12(b)(6) is granted with leave to file a Second Amended Complaint within 30 days after entry of this Order.

If Plaintiff does not file a timely Second Amended Complaint, this action will be dismissed.

If Plaintiff chooses to file a Second Amended Complaint, it must be filed no later than **30 days** after the entry of this Order; bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to any prior complaint, or any other pleading, attachment or document. Further, if Plaintiff chooses to proceed with this action, plaintiff must use the blank Central District civil rights complaint form accompanying this order, must sign and date the form, must completely and accurately fill out the form, and must use the space provided in the form to set forth all of the claims that he wishes to assert in his Second Amended Complaint.

The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form.

DATED: December 1, 2021

_____
DOLLY M. GEE
United States District Judge